APONTE, PLAINTIFF AND RESPONDENT, *v.* FREIRÍA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in a case of intervention in ownership of real property.

MOTION by the respondent for the dismissal of the appeal.

No. 1063.—Decided originally February 3, 1914.

Decided on reconsideration February 10 and 18, 1914.

APPEAL—JUDGMENT.—An appeal will be dismissed when a copy of the judgment appealed from, as entered in the judgment book of the court, is not included in the judgment roll. It is not sufficient to include in the statement of the case the decision wherein it is ordered that a judgment be entered in accordance therewith.

ON RECONSIDERATION.

ID.—DISMISSAL WITHOUT PREJUDICE—RECONSIDERATION.—When an appeal has been dismissed by this court and the records show that the time for appeal has expired, a motion to reconsider the dismissal to the extent of dismissing the appeal without prejudice should be overruled.

The facts are stated in the opinion.

*Mr. C. Dominguez Rubio* for respondent.

*Mr. F. Cervoni Gely* for appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case in which two motions to dismiss have been made hitherto and overruled by this court, *Aponte* v. *Frei-*

*ría et al.,* 19 P. R. R., 1104. One of these motions was founded on the ground that the record failed to contain a proper copy of the notice of appeal and we held that the respondent himself had supplied the defect. The respondent now presents a motion to dismiss because a copy of the judgment has not been brought up in the judgment roll. The appellants, although duly notified of the motion, have made no attempt to correct the record, even if this court would exercise its discretion to correct the record after the previous failure to include in the record the copy of the notice of the appeal. The Code of Civil Procedure and the decisions of this court are clear to the effect that a copy of the judgment must accompany the judgment roll. Sections 300 and 233 of the Code of Civil Procedure; Rule 40 of this court; *Hernández* v. *Hernández et al.,* 19 P. R. R., 987; *López* v. *López,* 19 P. R. R., 990; *Hernández* v. *Medina,* 19 P. R. R., 1008; *Allongo* v. *Belaval,* 19 P. R. R., 1022. There is no such judgment therein contained. It is not sufficient to copy into the statement of the case a judgment or a so-called *fallo* wherein it is decreed that a judgment be entered in accordance with such *fallo.* A copy of the judgment as entered on the judgment book of the court is the judgment that must be filed in this court. As the appeal must be dismissed on the aforesaid grounds, it is unnecessary to consider the merits of the same.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

A motion to reconsider having been filed by the appellant, it was overruled *per curiam* on February 10, 1914, and the same party having filed another motion to reconsider, it was also overruled on February 18, 1914, in the following opinion of the court delivered by Mr. Justice Wolf:

Appellants now ask that this court reconsider its action in dismissing the appeal to the extent of dismissing the appeal

without prejudice and they cite California cases. In California an appellant has a number of months after judgment within which to appeal. In Porto Rico the time for appeal is 30 days. If a judgment in this case was entered or registered by the secretary of the district court within a day or so after the rendition of the *fallo* to which we have referred in our decision of February 3, 1914, then it would be idle to dismiss the appeal without prejudice as the time would have expired. The appeal was taken on May 31, 1913, which is another indication that more than 30 days have elapsed since the date of the judgment if actually registered. If there is no registered judgment, then the appellants could have one entered by the secretary and appeal from it. We do not see how the present motion could avail the appellants and the same must be overruled.

·     *Motion overruled.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.